UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT BATES, ADAM RADLY, and ACL
COMPUTERS AND SOFTWARE INC.,

                    Plaintiffs,

              -v.-

OFFIT KURMAN ATTORNEYS AT LAW LLP,
THEODORE P. STEIN, and LEGAL
MALPRACTICE INSURANCE COMPANY
JOHN DOE,

                    Defendants.

---

19 Civ. 2814 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

ACL Computers and Software Inc. ("ACL") retained Offit Kurman Attorneys at Law LLP ("Offit Kurman") to represent the company in a matter in Maryland state court. ACL, along with two of its officers, Robert Bates and Adam Radly (together with ACL, "Plaintiffs"), now claim that Offit Kurman and one of its attorneys, Theodore P. Stein (together, "Defendants"),[1] committed legal malpractice in that representation. Plaintiffs' Complaint asserts causes of action for "negligent failure," breach of fiduciary duty, and breach of contract.

Defendants now move to dismiss the Complaint in its entirety on several bases, including lack of subject matter and/or personal jurisdiction. As set forth herein, the Court concludes that it lacks subject matter jurisdiction over the action and dismisses the Complaint.

---

[1]     The Court notes that the Complaint also names Legal Malpractice Insurance Company John Doe as a defendant in this matter. But Plaintiffs have failed to identify or serve this defendant, and no such company has appeared in this action.

## BACKGROUND[2]

### A.    Factual Background

In 2016, ACL, a company incorporated in Maryland (Anesh Decl., Ex. C, D), entered into a retainer agreement with Offit Kurman, a law office incorporated in Maryland and with its principal place of business in Maryland (*id.* at Ex. E, F).  The agreement provided that Offit Kurman would represent ACL in an action that ACL had filed in Maryland state court.  (Compl. ¶ 9). Theodore P. Stein, an attorney employed by Offit Kurman who resides in Maryland (Stein Decl. ¶ 2), was assigned to be lead attorney in that action (Compl. ¶ 30).  The agreement between Offit Kurman and ACL recited that all disputes arising out of the representation would be filed in Maryland state courts.  (Stein Decl., Ex. A).  ACL ultimately paid Offit Kurman $177,000 for its legal services.  (Compl. ¶ 9).

Offit Kurman's representation of ACL included opposing a motion for summary judgment filed in the state court action.  (Compl. ¶ 10).  ACL provided Offit Kurman with documents to incorporate into the opposition

---

[2]    This Opinion draws its facts primarily from the operative pleading, the Complaint (Dkt. #6), the well-pleaded facts of which are taken as true for purposes of this motion.  *See Morrison* v. *Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008); *see also Ashcroft* v. *Iqbal*, 556 U.S. 662, 679 (2009).  As discussed more fully below, the Court may consider extrinsic evidence, such as declarations attached to the parties' submissions, in resolving the pending motion to dismiss for lack of subject matter jurisdiction.  *See Barnet* v. *Ministry of Culture & Sports of the Hellenic Republic*, 391 F. Supp. 3d 291, 297-98 (S.D.N.Y. 2019).  Individual declarations are referred to using the convention "[Name] Decl."

For ease of reference, the Court refers to the parties' briefing as follows: Defendants' Memorandum of Law in Support of Their Motion to Dismiss as "Def. Br." (Dkt. #29); Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss as "Pl. Opp." (Dkt. #32); and Defendants' Memorandum of Law in Further Support of Their Motion to Dismiss as "Def. Reply" (Dkt. #35).

papers but, it is alleged, Offit Kurman failed to include them.  (*Id.*).  The Maryland state court granted the motion for summary judgment against ACL, and ACL's suit was dismissed.  (*Id.* at ¶¶ 2, 11, 16).  That decision was appealed to the Court of Special Appeals of Maryland, and it was ultimately affirmed.  (*Id.*).

According to the Complaint, ACL "closed its offices in 2016 and is no longer operational or open, most of its assets have been liqu[idated]."  (Compl. ¶ 25).  Robert Bates served as the CFO of ACL and resides in California.  (*Id.* at ¶ 22).  Adam Radley served as the CEO of ACL and resides in and is a citizen of Australia.  (*Id.*).

**B.    Procedural Background**

Plaintiffs filed the Complaint on April 1, 2019.  (Dkt. #6).  On April 25, 2019, Defendants applied for leave to file a motion to dismiss the Complaint.  (Dkt. #15).  The Court held a pre-motion conference concerning Defendants' anticipated motion to dismiss on May 21, 2019, in which it granted Defendants leave to file a motion to dismiss.  (Dkt. #26 (transcript of proceedings)).[3] Defendants filed their motion to dismiss on July 12, 2019.  (Dkt. #28, 29, 30, 31).  Plaintiffs filed an opposition brief on August 9, 2019.  (Dkt. #32, 33).  This motion became fully briefed when Defendants filed their reply brief on August 30, 2019.  (Dkt. #35).

---

[3]    During this conference, Plaintiffs were offered an opportunity to amend the Complaint to address, among other things, the jurisdictional issues raised during the conference and addressed below.  Plaintiffs declined to amend the Complaint, as was their right.

## DISCUSSION

Defendants move to dismiss the Complaint on a variety of grounds: (i) lack of subject matter jurisdiction; (ii) lack of personal jurisdiction; (iii) improper service; (iv) *forum non conveniens*; and (v) failure to state a plausible claim for relief.  The Court concludes that it lacks subject matter jurisdiction over the suit, and, accordingly, dismisses the Complaint without considering the remaining arguments.  *See Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

### A.    Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it."  *Aurecchione* v. *Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (internal quotation marks omitted); *accord Sokolowski* v. *Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013).  A "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"Subject-matter jurisdiction is a threshold issue that must be addressed prior to the merits."  *Allen* v. *N.Y.C. Hous. Auth.*, No. 15 Civ. 173 (ALC), 2016 WL 722186, at *4 (S.D.N.Y. Feb. 19, 2016).  Federal courts have original jurisdiction over civil actions in which the parties have diversity of citizenship

and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  This is
known as diversity jurisdiction, as contrasted with jurisdiction based on the
existence of a federal question.  *See* 28 U.S.C. § 1331.  Diversity jurisdiction
requires complete diversity between the parties, meaning that no plaintiff has
the same citizenship as any defendant.  *Exxon Mobil Corp.* v. *Allapattah Servs.,
Inc.*, 545 U.S. 546, 553 (2005).

On a Rule 12(b)(1) motion, the challenge to subject matter jurisdiction
may be facial or fact-based.  *Carter*, 822 F.3d at 55.  When considering a facial
challenge, a court must determine whether the pleading "allege[s] facts that
affirmatively and plausibly suggest that" subject matter jurisdiction exists.  *Id.*
(quoting *Amidax Trading Grp.* v. *S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir.
2011)).  For purposes of a Rule 12(b)(1) facial challenge, a court accepts all
factual allegations as true and draws all reasonable inferences in favor of the
plaintiff asserting jurisdiction.  *Id.* (citing *W.R. Huff Asset Mgmt. Co., LLC* v.
*Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008); *Lunney* v. *United
States*, 319 F.3d 550, 554 (2d Cir. 2003)).  In contrast, to support a fact-based
Rule 12(b)(1) challenge, a defendant may proffer evidence beyond the pleadings.
*Id.* (citing *Amidax*, 671 F.3d at 145).  To oppose such a motion, a plaintiff must
present controverting evidence "if the affidavits submitted on a 12(b)(1)
motion … reveal the existence of factual problems" with respect to jurisdiction.
*Id.* (quoting *Exchange Nat'l Bank of Chi.* v. *Touche Ross & Co.*, 544 F.2d 1126,
1131 (2d Cir. 1976)).

**B.    Analysis**

Plaintiffs argue that the Court has subject matter jurisdiction over the claims raised in the Complaint based on diversity, as established in 28 U.S.C. § 1332.  As noted, this statute requires "'complete diversity,' *i.e.*[,] all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Ret. Sys.* v. *Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014).  "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile ... [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (quoting *Palazzo ex rel. Delmage* v. *Corio*, 232 F.3d 38, 42 (2d Cir. 2000)).  A corporation is a resident of every state by which it has been incorporated, and of any state where it has its principal place of business.  28 U.S.C. § 1332(c); *see also Sty-Lite Co.* v. *Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000) ("[I]f either the corporation's place of incorporation or principal place of business destroys diversity, then the courts will not have diversity jurisdiction.").

The Complaint alleges that Plaintiff Bates is domiciled in California, and that Plaintiff Radly is an Australian citizen who resides in Melbourne, Australia.  (Compl. ¶ 22).  According to the Complaint, ACL had its offices in Bethesda, Maryland, but its offices have since closed.  (*Id.* at ¶ 25).  Further, the Complaint claims that Offit Kurman "resides" in New York because its main office is in New York.  (Compl. ¶¶ 19-21, 29).  The Complaint makes no

allegation concerning the state of which Defendant Stein is a citizen. (*See generally* Complaint). Thus, even if the Court accepted as true the factual allegations that were actually pleaded in the Complaint, Plaintiffs still would have failed to meet their burden of demonstrating complete diversity between and among all Plaintiffs and all Defendants. *Makarova*, 201 F.3d at 113.

In point of fact, this is a burden Plaintiffs cannot meet. Defendants have provided the Court with information that is extrinsic to the Complaint concerning the citizenship of certain parties. (*See* Def. Br. 5-9; Anesh Decl., Ex. C, D, E, F, G, H; Stein Decl.). In so doing, Defendants make clear that they are mounting a fact-based Rule 12(b)(1) challenge to subject matter jurisdiction, so that the Court may consider evidence beyond the pleadings. Defendants provide evidence that:

- ACL is incorporated in Maryland and has its principal place of business there (Anesh Decl., Ex. C, D);

- Offit Kurman is incorporated in Maryland and has its principal place of business there (*id.* at Ex. E, F); and

- Stein resides in Maryland (*id.* at Ex. G, H; Stein Decl.).

This evidence establishes that complete diversity does not and cannot exist, because one of the Plaintiffs, ACL, is a citizen of the same state as Defendants.

In opposing Defendants' fact-based motion, Plaintiffs must present controverting evidence, inasmuch as "the affidavits submitted [] reveal the existence of factual problems" with respect to jurisdiction. *Carter*, 822 F.3d at 57 (internal quotations and citations omitted). To begin, Plaintiffs concede that

"Defendant has Maryland Citizenship." (Pl. Opp. 15).[4]  And Plaintiffs make no

effort to argue that ACL is not incorporated in Maryland.  (*Id*.).  Rather,

Plaintiffs argue that ACL's state of incorporation and citizenship should have

no bearing on the Court's diversity analysis, reasoning that "ACL the liquidated

company, as a matter of law, does not have citizenship at the time of filing the

complaint under [*Mansfield, C&L M. Ry. Co.* v. *Swan*, 111 U.S. 379 (1884),]

because it is nonexistent." (*Id*.).[5]  But while Defendants have furnished the

---

[4]    It is unclear if Plaintiffs are referring to Defendant Stein, Defendant Offit Kurman, or
both, in making this concession.  Later in their opposition brief, Plaintiffs argue that
Offit Kurman "resides" in New York because it has an office in New York.  (Pl. Opp. 16).
But even if Offit Kurman has its principal place of business in New York, it would
maintain Maryland citizenship because it is incorporated in that state.  Plaintiffs have
introduced no evidence to the contrary.  *Sty-Lite Co.* v. *Eminent Sportswear Inc.*, 115 F.
Supp. 2d 394, 398 (S.D.N.Y. 2000) ("[I]f either the corporation's place of incorporation
or principal place of business destroys diversity, then the courts will not have diversity
jurisdiction.").

[5]    The Court's Individual Rules of Practice in Civil Cases provide that parties opposing a
motion may file a memorandum of law not to exceed 25 pages in length.  In what is a
blatant attempt to evade that rule, Plaintiffs have filed a 25-page memorandum of law
in opposition to the motion to dismiss (Pl. Opp.), which cites to a 12-page declaration by
Plaintiffs' counsel, Kissinger N. Sibanda, that contains additional legal arguments in
opposition to the motion to dismiss.

The portion of Plaintiffs' briefing that argues that ACL does not have citizenship for
diversity jurisdiction purposes because it does not exist cites to three pages of Mr.
Sibanda's declaration.  Given the obvious violation of its Individual Rules, the Court
need not consider the arguments contained therein.  Even were it to do so, however, the
result would not change.  As set forth in the text, Plaintiffs are simply wrong in arguing
that a corporate plaintiff's citizenship is irrelevant if the corporation is inactive or
dissolved.

Mr. Sibanda's Declaration also includes a reference to the doctrine of realignment,
which would only be relevant if ACL were to be realigned as a defendant in this suit.
(Sibanda Decl. ¶ 1).  The doctrine of realignment is relevant in a derivative suit when
"the corporation is actively antagonistic to plaintiff's interest."  *Obstfeld* v. *Schwartz*,
621 F. Supp. 2d 87. 93-94 (S.D.N.Y. 2008) (quoting *ZB Holdings, Inc.* v. *White*, 144
F.R.D. 42, 45 (S.D.N.Y. 1992)).  And although Plaintiffs claim their suit is a derivative
action that Plaintiffs Bates and Radly have brought on behalf of ACL, the Complaint
does not contain so much as an allegation that Bates and Radly are shareholders in or
creditors of ACL.  (*See generally* Complaint).  Even if this were a derivative action, there
is no indication that ACL is actively antagonistic to Bates's and Radley's interests.
"[A]ntagonism has generally not been found where the corporation does not, would not,
or cannot express opposition to the initiation of the lawsuit."  *Netwolves Corp.* v.
*Sullivan*, No. 00 Civ. 8943 (AGS), 2001 WL 492463, at *6 (S.D.N.Y. May 9, 2001).  Thus,
the doctrine of realignment has no part to play here, and a derivative action would lack

Court with extrinsic evidence that ACL is incorporated in Maryland, Plaintiffs have not provided any evidence, such as articles of dissolution, that would prove ACL no longer exists.  In fact, Plaintiffs' submissions establish that as recently as December 7, 2015, ACL existed and submitted filings to the State Department of Assessments and Taxation of Maryland.  (Sibanda Decl., Ex. 8).

Further, Plaintiffs have not provided any legal support for their argument that the citizenship of a corporation specifically named in a complaint is irrelevant if the corporation was inactive or dissolved at the time the complaint was filed.  Plaintiffs cite only to *Mansfield*, which does not address that point and merely stands for the well-accepted proposition that a party's citizenship is determined at the time when the suit was initiated.  *Mansfield*, 111 U.S. 379. The Second Circuit has made plain that the diversity analysis does not change:

> In dismissing Plaintiff Passalacqua from this lawsuit, Judge Edelstein correctly concluded that when a corporation has ceased business activity, diversity jurisdiction under 28 U.S.C. § 1332(c) is determined not only by its state of incorporation, but also by the place it last transacted business, here Florida.  Both the state of incorporation and the principal place of business should be considered in deciding whether diversity jurisdiction is present.  To allow inactive corporations to avoid inquiry into where they were last active would give them a benefit Congress never planned for them, since under such a rule a defunct corporation, no matter how local in character, could remove a case to federal court based on its state of incorporation.

---

complete diversity of parties.  *See Obstfeld*, 621 F. Supp. 2d at 93-94 (court lacked diversity jurisdiction in shareholder suit brought on behalf of corporation, where that corporation was incorporated in the same state where a defendant was domiciled).

*Wm. Passalacqua Builders, Inc.* v. *Resnick Developers S., Inc.*, 933 F.2d 131, 141 (2d Cir. 1991) (internal citations omitted); *cf. Oscar Gruss & Son, Inc.* v. *Hollander*, 337 F.3d 186, 194 (2d Cir. 2003) ("[W]here a plaintiff brings suit solely in his representative capacity, the citizenship of the represented party, and not that of the representative, controls.").

Plaintiffs assure the Court that "[e]ven though ACL [] is a party to the pleadings, this exists as the owner of the right from which the cause of action is derived.  ACL is not a party to these proceedings in the ordinary meaning of the word but as a term of art since it no longer exists."  (Sibanda Decl. 4 n.2). This "pleadings"/"proceedings" dichotomy is largely lost on the Court.  What is not lost is the fact that the case caption specifically lists ACL as a plaintiff. Binding precedent makes clear that "complete diversity of all parties is an absolute, bright-line prerequisite to federal subject matter jurisdiction."  *Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117-18.  So long as ACL is listed in the operative pleading as a plaintiff in this case, it remains a party to the action. Its presence defeats complete diversity and deprives the Court of subject matter jurisdiction.  For these reasons, the Court lacks subject matter jurisdiction in this action.[6]

---

[6]     The Court recognizes that, in instances in which it determines that it lacks subject matter jurisdiction, the preferred course of action is to refrain from considering other arguments proffered by the movant.  *See, e.g., Cornwell* v. *Credit Suisse Grp.*, 666 F. Supp. 2d 381, 385-86 (S.D.N.Y. 2009) ("[A]bsent authority to adjudicate, the Court lacks a legal basis to grant any relief, or even consider the action further."); *Norex Petroleum Ltd.* v. *Access Indus.*, 540 F. Supp. 2d 438, 449 (S.D.N.Y. 2007) (stating that dismissal for lack of jurisdiction "moots, and thus terminates, all other pending motions").  The Court pauses to note, however, that it has grave doubts regarding whether it would have personal jurisdiction over Defendants Stein and Offit Kurman. Both Defendants are citizens of Maryland.  The action concerns legal representation provided in Maryland, by an attorney barred in Maryland, working in a legal office in

10

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is

GRANTED.  Plaintiffs' Complaint is dismissed without prejudice.  The Clerk of

Court is directed to terminate all pending motions, adjourn all remaining dates,

and close this case.

SO ORDERED.

Dated:     December 20, 2019
           New York, New York

_____
       KATHERINE POLK FAILLA
       United States District Judge

---

Maryland for a company incorporated in Maryland.  The underlying case was litigated in
Maryland state court and involved a legal contract that recited that all disputes arising
out of the underlying representation would be filed in Maryland courts.